**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven James Brydie,<br><br>Petitioner,<br><br>v.<br><br>Gila County Superior Court, et al.,<br><br>Respondents. | No. CV-21-02136-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Camille D. Bibles' Report and Recommendation ("R & R") (Doc. 17), recommending the denial of Petitioner Steven James Brydie's Amended Petition for Writ of Habeas Corpus (Doc. 6). Brydie filed objections to the R & R. (Doc. 22.) Brydie also filed a Motion to Stay Proceedings under Federal Rule of Civil Procedure 62(a). (Doc. 18.) After considering the Petition (Doc. 6), Respondents' Limited Answer to the Petition (Doc. 15), Brydie's Reply to the Limited Answer (Doc. 16), Magistrate Judge Bible's R & R (Doc. 17), Brydie's Objections to the R&R (Doc. 22), and Respondents' request to strike the Objections as untimely (Doc. 23), the Court adopts the R & R's recommendation and denies the Petition for habeas relief.[1] The Court also denies Brydie's Motion to Stay as futile.

**I.     BACKGROUND**

The Arizona Court of Appeals summarized the facts of this case as follows:

///

---

[1] After the Court granted Mr. Brydie an extension to file his Objections to the R & R, (Doc. 21), Respondents argued that Brydie's Objections were untimely (Doc. 23 at 2). The Court does not address this issue because it denies the Petition.

> In the predawn hours of July 28, 2018, Brydie, his girlfriend [Kaylee Brown], his friend [Michael Whitis], and [Michael Roberts], a physically disabled man who [Brown] assisted, drove to nearby ancient ruins to view the sunrise. [Brown] drove, Brydie sat in the passenger seat, [Whitis] sat behind [Brown], and [Roberts] sat behind Brydie. During the trip, Brydie pulled a gun out of his waistband and held it in his lap. The gun belonged to [Roberts], and Brydie had removed it from [Roberts'] lift chair earlier when he helped [him] get into the vehicle. When they arrived at the ruins, [Brown] told Brydie to put the gun away, but he did not do so. Instead, he began pointing it at the others, threatening to kill everyone in the vehicle. As Brydie pointed the gun at [Roberts] and began cocking the hammer, [Roberts] reached out to push the gun away and it discharged. The bullet struck [Whitis], killing him.

*State v. Brydie*, 2021 WL 922441, at *1 (Ariz. Ct. App. Mar. 10, 2021). Absent clear and convincing evidence, the Court presumes that the state court's factual determinations are correct. *See* 28 U.S.C.A. § 2254(e)(1).

The state charged Brydie with second-degree murder and two counts of aggravated assault. (*Id.* at 3.) A jury found him not guilty of these three counts but found him guilty of negligent homicide—a lesser included offense of second-degree murder. (*Id.*) On appeal, Brydie asserted that cumulative prosecutorial misconduct, among other claims, denied him a fair trial. (*Id.*) In denying relief, the Arizona Court of Appeals reasoned that despite the prosecutor making improper comments at trial, Brydie failed to show that the prosecutor's misconduct rendered the trial unfair. (*Id.* at 4-9 (citing *Brydie*, 2021 WL 922441, at *3-7).) Brydie sought review by the Arizona Supreme Court. (*Id.* at 9.) The Arizona Supreme Court denied review and "Brydie did not seek state post-conviction relief." (*Id.*)

## II.     LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if an objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d

1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). General objections are insufficient to require the Court to conduct a de novo review of an R & R. *Neufeld v. Shinn*, No. CV-20-08155-PCT-JAT, 2021 WL 3046904, at *2 (D. Ariz. July 20, 2021). The Court need only review specific objections. *Id.* "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* Accordingly, the Court will review the portions of the R&R de novo to which there is a specific objection.

### III. ANALYSIS

In his Petition, Brydie asserts that (1) the trial court's jury instructions regarding the lesser-included offense, negligent homicide, violated his due process rights; (2) cumulative prosecutorial misconduct during his trial violated his due process rights; and (3) the prosecutor's use of perjured witness testimony at trial violated his due process and equal protection rights. (*Id.*) Respondents argued, and the Magistrate Judge agreed (*Id.* at 14-21), that the Court must deny Brydie's second claim on its merits, and that his first and third claims are procedurally defaulted. (*Id.* at 10.) Brydie filed an Objection to the R & R (Doc. 22) as discussed below.

#### A.     **Exhausted and Procedurally Defaulted Claims**

The Court may only grant federal habeas relief on properly exhausted claims. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S.

722, 729-30 (1991). A petitioner must fairly present the claim to the state's "highest" court in a "procedurally correct manner." *E.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989). For non-capital cases in Arizona, a habeas petitioner presents his claim to the "highest-court" by presenting it to the Arizona Court of Appeals in his direct appeal, a properly filed state action, or post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Date v. Schriro*, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2008). To exhaust a claim, a petitioner must present to the state courts the substantial equivalent of the claim later presented in federal courts. *Pickard v. Connor*, 404 U.S. 270, 278 (1971); *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009). The petitioner must also present the same facts and same legal theory to the state court for proper exhaustion. *See*, *e.g.*, *Duncan v. Henry*, 513 U.S. U.S. 364, 366 (1995).

Where a state court relied on a state procedural rule to deny or dismiss a claim, an express procedural bar prevents a petitioner from raising that claim in federal court. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Similarly, an implied procedural bar prevents a petitioner from raising an unexhausted claim in federal court where a state's procedural rules make a return to state court futile. *Coleman*, 501 U.S. at 735 n.1; *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). Arizona's state procedural rules regarding timeliness, waiver, and preclusion of the claims prevent Brydie from returning to state court to exhaust any previously unpresented claim. Thus, any of Brydie's unexhausted claims are impliedly procedurally defaulted.

To overcome a procedural default, it is the petitioner's burden to establish cause and prejudice for the court to consider an unexhausted claim on its merits. *See Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000); *see also Correll v. Stewart*, 137 F.3d 1404, 1415 (9th Cir. 1998) (noting it is the petitioner's burden to prove "cause" and "prejudice"). "Cause" requires establishing a legitimate excuse outside of the petitioner's control. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). "Prejudice" is actual harm resulting from the constitutional violation. *Id.* To establish prejudice, the petitioner must establish the state court error "worked to his actual and substantial disadvantage, infecting his entire

trial with error of constitutional dimensions." *Id.*

The Court may also consider the merits of a procedurally defaulted claim if the failure to do so will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. This exception is limited to extraordinary cases where the petitioner asserts actual innocence and establishes "that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

### 1. Lesser Included Offense

Brydie claims that the trial court violated his due process rights by instructing the jury on the lesser-included offenses of second-degree murder. (Doc. 16 at 2.) Brydie argues that this led to his conviction of a crime "separate from crime alleged in [the] indictment[,]" and that the jury convicted him of an offense he was "not tried for." (*Id.*) Brydie reasons that the jury instruction on lesser-included offenses constituted a "constructive amendment" to his indictment as he was "indicted for intentional murder but convicted of wanton murder." (*Id.* at 3.) Brydie, however, does not dispute that this claim is procedurally defaulted. Instead, he asserts that he did not raise the claim before the Arizona Court of Appeals because of his "lack of understanding." (Doc. 22 at 3.) Brydie does not establish any rule now entitling him to state court review and does not dispute that Arizona's procedural rules regarding timeliness, waiver, and the preclusion of claims would make his return to state court futile. Thus, this claim is impliedly procedurally defaulted.

Without proving cause and prejudice for the procedurally defaulted claim, Brydie is not entitled to a review of the claim on the merits. Brydie contends in his Objection that his "lack of understanding" establishes cause. (Doc. 22 at 3.) But a petitioner's ignorance of the legal process does not establish cause for procedural default. *See Hughes v. Idaho Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Even if the Court construes Brydie's "lack of knowledge" objection to include his ineffective assistance of appellate counsel assertion in his Petition (*see* Doc. 6 at 6), he made no attempt to exhaust the ineffective assistance of appellate counsel claim in a state action for post-conviction relief. The ineffective assistance of appellate counsel claim is therefore also procedurally defaulted—

- 5 -

preventing the Court from reaching the merits of the claim. *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (requiring a petitioner to raise an ineffective assistance of counsel claim in state court as an independent claim before he can use it to establish cause for a procedural default).[2] Thus, Brydie failed to establish cause.

Regarding prejudice, Brydie objected to the R & R and argues that the trial court's inclusion of the lesser-included offense jury instruction violated his right to a fair trial and precluded the jury from finding each fact necessary to convict him. (Doc. 22 at 3.) Aside from Brydie's conclusory allegations, he has not provided any evidence that a jury would find him not guilty of the lesser-included offense of negligent homicide or that the lesser-included jury instructions were deficient in any way. Brydie has not established that the jury instructions "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *See*, *e.g.*, Cooper, 641 F.3d at 327. Thus, he failed to establish prejudice.

For otherwise procedurally barred claims, the "fundamental miscarriage of justice exception" allows the Court to consider the merits of the claim when a petitioner shows "actual innocence." *Herrera v. Collins*, 506 U.S. 390, 404, 416 (1993). "[A]ctual innocence means factual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner must establish through clear and convincing evidence that no reasonable factfinder could have found him guilty. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). Brydie has not done so. He has offered no new evidence and has not established how the existing facts prove his innocence. Therefore, Brydie has failed to establish a fundamental miscarriage of justice to overcome the procedural default.

---

[2] The ineffective assistance of appellate counsel claim would likely fail on the merits. Brydie argued in his Petition that he did not raise the jury instruction claim in state court because his appellate counsel found other argument garnered more merit. (Doc. 6 at 6.) Appellate counsel's performance is not deficient for failing to raise a colorable claim. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983) (holding that appellate counsel is not under "a duty to raise every 'colorable' claim suggested by a client"); *Miller v. Kenney*, 882 F.2d 1428, 1434 (9th Cir. 1989); *Wood v. Ryan*, 268 F. Supp. 3d 297, 300 (D. Mass. 2017) (finding appellate counsel's performance was not ineffective for "good cause" purposes where omission of a "colorable" claim was not objectively unreasonable under deference afforded to counsel's judgment).

### 2. Witness Testimony

Brydie contends that the prosecutor's use of perjured witness testimony from Ms. Brown and Ms. Roberts violated his due process rights. (Doc. 22 at 5-6.) Brydie again does not object to the R & R's finding that his perjured witness testimony claim is procedurally defaulted. Instead, he asserts that the claim should be excused from the procedural default because "the culpability of the state[']s use of perjured witnesses [and] testimony cannot go unchecked" and that his conviction was "primarily" due to this false testimony. (*Id.*) Brydie also asserts that failure to address the merits of his claim would result in a fundamental miscarriage of justice. (*Id.*)

In Brydie's Objection, he contends that the cause for the procedural default on this claim was because he needed to collect substantial evidence to present a thorough claim. (*Id.*). The Court finds this argument unpersuasive. Cause requires asserting "that the procedural default is due to an 'objective factor' that is 'external' to the petitioner and that 'cannot fairly be attributed to him.'" *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting *Coleman*, 501 U.S. at 753). Brydie's assertion that he needed to accumulate substantial evidence to support his claim does not meet this standard. Brydie has not established an impediment attributable to any cause beyond his own diligence. And the Court has not found an impediment that otherwise allows Brydie to bring a procedurally defaulted claim when he could have raised this claim on appeal or in post-conviction proceedings.

Brydie also fails to establish prejudice. *See Cooper*, 641 F.3d at 327. While he claims the witnesses were material to his conviction, (Doc. 22 at 5), Brydie does not provide any specific facts about how the witness testimony led to his conviction. He does point to two witnesses' testimony where they admitted to changing their stories. (*Id.* at 5-6.) But as the Magistrate Judge noted, the issue of the witnesses changing their statements was thoroughly explored during trial. (Doc. 17 at 21.) As the fact finder, it is the jury's exclusive role to determine the credibility of witness testimony. In evaluating the evidence and ambiguities in witness testimony, the jury determined Brydie was guilty of the lesser-

included offense rather than second-degree murder. It is reasonable to infer that the jury may have found Brydie guilty of the lesser-included offense due to these credibility concerns. Brydie further failed to prove or provide any evidence that the prosecutor knew or should have known the witness planned to perjure themselves. Thus, Brydie failed to establish prejudice.

Since Brydie failed to establish cause and prejudice, the Court will only review the merits of the claim if in denying review, a fundamental miscarriage of justice would result. *See Herrera*, 506 U.S. at 416 (requiring the petitioner to establish actual innocence). Brydie has not provided any new evidence, nor has he pointed to any evidence in the record that establishes his actual innocence. Thus, Brydie failed to establish a fundamental miscarriage of justice to overcome the procedural default.

### B. Exhausted Claims

Under 28 U.S.C. § 2254(d)(1), a federal court cannot grant habeas corpus relief to a petitioner on an exhausted claim unless the petitioner establishes the state court's decision denying the claim "was contrary to" or an "unreasonable application" of federal law as clearly established in Supreme Court precedent at the time of the state court decision. This standard is "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). It is a "highly deferential standard for evaluating state court rulings, which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (citation and internal quotation marks omitted). Federal courts presume the factual findings of state courts, including state appellate courts, are correct. *See* 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 455 U.S. 591, 593 (1982). In habeas cases when evaluating state court decisions, federal courts look through summary or unexplained higher state court opinion to the last reasoned decision on the claim. *E.g.*, *Wilson v. Sellers*, —U.S.—, 138 S. Ct. 1188, 1192 (2018).

### 1. Prosecutorial Misconduct

Brydie argues that cumulative prosecutorial misconduct during his trial violated his due process rights. Brydie exhausted this claim in state courts. *See Brydie*, 2021 WL

922441, at *4. A state court decision contains an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *See*, *e.g.*, *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Morris v. Ryan*, No. CV-18-08054-PCT-JAT, 2019 WL 1123240, at *1 (D. Ariz. Mar. 12, 2019). An unreasonable application of federal law is different from an incorrect one, it must be objectively unreasonable. *See Harrington*, 562 U.S. at 101; *White v. Woodall*, 572 U.S. 415, 419 (2014); *Renico v. Lett*, 559 U.S. 766, 773 (2010).

Brydie contends that the prosecutor's "racial remarks to [the] jury, degrading defense counsel (however expressed) in court, bickering with [the] tribunal on defense[']s objections to morally offensive language" prejudiced and harmed the integrity of the trial. (Doc. 22 at 4.) Brydie also asserts that the prosecutor's use of a perjured witness was "material" to the case and violated prosecutorial ethical duties. (*Id.*)[3] Brydie does not detail specific objections to the Magistrate Judge's findings in the R & R, he simply reasserts the claims he raised in his Petition. While the Court need not address these generalized objections, it nevertheless concludes that the claim fails on the merits.

"[T]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)). In habeas cases, "constitutional errors of the 'trial type,' including prosecutorial misconduct, warrant relief only if they 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, (1993)). It is settled law that "the Court must consider the probable effect the prosecutor's response would have on

---

[3] Brydie raised the ethical duties and perjured witness issues for the first time in his Habeas Petition. These objections appear as an attempt to bring in otherwise procedurally defaulted claims. The Court finds the perjured witness argument is indistinguishable from the perjured witness claim discussed above and procedurally defaulted because Brydie failed to exhaust the claim in state courts. (*See* Doc. 22 at 3-6.) Similarly, Brydie has not raised the issue of whether the prosecutor violated his ethical duties in state court. Thus, these assertions are unexhausted and procedurally defaulted.

- 9 -

the jury's ability to judge the evidence fairly." *United States v. Young*, 470 U.S. 1, 12 (1985).

The state court's ruling was not contrary to, or an unreasonable application of, federal law. The Arizona Court of Appeals correctly analyzed the claim. It analyzed each instance of alleged misconduct, the trial court's curative instructions, and considered the cumulative effect of the misconduct on the fairness of the trial. *See Brydie*, 2021 WL 922441, at *4; *see also Darden*, 477 U.S. at 181-82 (1986) (weighing the evidence of misconduct, its potential impact on the jury, and the weight of evidence supporting the defendant's guilt).

Regarding the racial remarks during the prosecutor's closing arguments, the prosecutor insinuated that defense counsel asked if any of the jurors were racists during voir dire, when in fact defense counsel asked if the defendant's race would impact any of the jurors' abilities to be fair and impartial. *Brydie*, 2021 WL 922441, at *6. While this comment had the potential to inflame the jury, the trial court sustained defense counsel's objection in the presence of the jury and struck the remarks from the record. *Id.* The trial court also included a jury instruction to disregard matters stricken from the record. *Id.* Under these circumstances, the trial court remedied the comment's inflammatory effect on the jury's ability to render a fair verdict.

Brydie also contends that the prosecutor's comments "degrad[ed] defense counsel (however expressed) in court [and] bickering with [the] tribunal on defense[']s objections to morally offensive language" impacted the fairness of his trial. The evidence in the record indicates that the prosecutor made various comments during closing arguments and trial that called into question defense counsel's character and credibility. *Id.* at *4-6. Some of these comments did not or may not have occurred in the presence of the jury. *Id.* And as the appellate court noted, the record does not support the claim that the other comments influenced the verdict. *Id.* at *6-7. "In every instance of prosecutorial error or misconduct . . . the trial court sustained Brydie's objection[s] and struck the improper remarks from the record, and appropriately instructed the jury to disregard stricken material." *Id.* at *7.

Brydie has not established how the prosecutor's comments amount to cumulative prosecutorial misconduct resulting in a constitutional violation. Brydie also failed to discuss how the comments influenced the jury or made the trial unfair.

The weight of the evidence against Brydie also supports finding the jury's verdict was reasonable. Arizona's negligent homicide statute imposes liability if a person, with criminal negligence, causes the death of another person. Ariz. Rev. Stat. Ann. § 13-1102 (2022). Criminal negligence is a failure to perceive a substantial and unjustifiable risk that a result will occur. *Id.* § 13–105(6)(d). The facts of this case indicate that Brydie was in a vehicle with the victim, proceeded to point a firearm at the other passengers, and began cocking the firearm's hammer when it discharged killing the victim. *Brydie*, 2021 WL 922441, at *1. Brydie failed to perceive the substantial and unjustifiable risk that pointing and preparing the firearm to shoot posed to the lives of the vehicle occupants, including the victim. Brydie has not established how the cumulative prosecutorial misconduct created an atmosphere at trial so unfair that it denied him due process. Even with the evidence of potentially inflammatory remarks, there is strong evidence supporting Brydie's guilt and the verdict. Thus, even though the Court is not required to review generalized objections, these general objections fail on the merits.

**IV.   CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

1.   The Report and Recommendation (Doc. 17) is **ACCEPTED** and the objections (Doc. 22) are **OVERRULED**;

2.   Petitioner's Rule 62(a) Motion to Stay is **DENIED**;

3.   Petitioner's Petition (Doc. 6) is **DENIED** and **DISMISSED WITH PREJUDICE** and the Clerk of the Court shall enter judgment accordingly; and

4.   Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files and appeal, the Court **DENIES** issuance of a certificate of appealability because dismissal of the petition is partly based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529

U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 9th day of February, 2023.

Michael T. Liburdi
United States District Judge